## Frank Smith, Sheriff of Clearfield County, *v.* The Nicola Brothers Company and Oliver P. Nicola, Appellant.

*Execution—Levy—Stay of execution—Lien.*

The lien of an execution levied on personalty is not lost because the
sheriff, with the consent of plaintiff, gives the debtors a short time in which
to raise money, and for such time leaves the property in their possession,
and directs their storekeeper to sell to their employees who had claims,
and to neighbors who could not get necessaries elsewhere.

Argued Oct. 30, 1899.    Appeal, No. 134, Oct. T., 1899, by
defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T.,
1897, No. 399, on verdict for plaintiff.    Before GREEN, MC-
COLLUM, MITCHELL, FELL and BROWN, JJ.    Affirmed.

Trespass against the sheriff.    Before SLAGLE, J.

The facts appear by the opinion of the court refusing a new
trial which was as follows :

This action was brought by Frank Smith, sheriff of Clearfield
county, to recover for certain lumber taken by defendant, which
plaintiff claimed was at the time subject to execution then in
his hands.    There was no substantial dispute as to any mate-
rial facts in the case.    Upon the closing of the testimony, coun-
sel for each side asked for peremptory instructions.    The court
instructed the jury to find for the plaintiff.

The facts as they appeared in the evidence at the trial were
as follows : Cassie DuBois, having obtained several judgments
against B. J. & J. B. Sykes, amounting to about $42,000, caused
executions to be issued thereon January 28, 1897.    The defend-
ants in those suits were operating a sawmill at Newtonburg,
about fifteen miles from DuBois and three or four miles from
the nearest railroad station, to which they had a branch road.
On January 29, 1897, the plaintiff went to the sawmill, and

after viewing the premises, levied on all the personal property, including a large amount of sawed lumber, unsawed logs, store goods, etc.   When about to put up sale bills the defendants appealed to the sheriff not to do so, saying that the issuing of the executions was unexpected, and that they believed they could satisfy them if an opportunity was given them to go to Pittsburg for assistance.   He asked how much time it would require, and they said a few days.   The sheriff then agreed not to put up bills, and wait until they had time to go to Pittsburg.   No definite time was fixed, but the sheriff said he intended to wait until he heard the result of the visit.   Mr. Cole, attorney for Cassie DuBois, was present at the time this arrangement was made.   It does not appear that the arrangement was made by him, or that he gave any instructions in relation to it, but he was present, and when the question was raised by the sheriff as to insurance, said he would take that risk; though not making the arrangement, he undoubtedly assented to it, which would have the same effect.   The sheriff then left, leaving the property in the possession of the defendants.   Before leaving, the sheriff directed the storekeeper to sell goods to the employees who had claims against the defendants, and to such others who needed, giving as a reason that at that time they could not get the necessaries of life at any other place.   He gave no authority to dispose of or otherwise interfere with any of the property levied on.

Before the executions were issued, Sykes Bros. had contracted to sell lumber to several parties, among them Nicola Bros. Company, who had advanced to them $3,000.   They had notified Nicola Bros. Company that they had lumber for them, specifying certain piles, but they were not in any way marked as such. On Sunday, January 31, 1897, Oliver P. Nicola, one of the defendants, came to Newtonburg and saw Mr. Sykes.   Nicola says that Sykes told him that the sheriff had been there, but he did not know whether he had made a levy or not.   Sykes says he told him that the sheriff had levied on all the goods; that Nicola requested him to make a bill of sale, and he told him he could not do so, because they were levied on, and if his contract was not good, he could not make it any better.   Mr. Nicola then proceeded to ship lumber, and took, in all, lumber to the value of about $3,400 at their contract price.   This lumber was

shipped to customers of Nicola Bros. Company, who received the benefit of it. In taking lumber Nicola did not limit to that mentioned in memorandum sent them. The first taken was two carloads which had been loaded for other parties. On February 5, 1897, the sheriff returned to Newtonburg and put up handbills, and on February 12 sold the property then remaining. In the mean time, that is, until February 5, the store was kept open and sales made as authorized.

This statement of facts, which we think is a fair statement from the evidence, may be condensed as follows:

The plaintiff as sheriff of Clearfield county, upon executions duly issued upon valid judgments, with all legal formality, made a levy upon the property in dispute. After levy so made, with consent of plaintiff's attorney, at the request of defendants, he refrained from advertising the sale, agreeing to give the defendants a few days for them to adjust the matter without sale. He left the property in possession of defendants until he should be informed of the result of their efforts. He also authorized the sale of goods from the store to employees having claims and to supply the necessities of neighbors. In the mean time the defendants in this case took away and sold part of the property to which they had no legal title at the time the levy was made.

The only reasons suggested for a new trial are the answers of the court to the several points submitted by counsel. All the questions contained in the defendants' points are involved in the plaintiff's point which was affirmed; that " under all the evidence the verdict of the jury must be for the plaintiff." If there was any evidence in the case that should have been submitted to the jury the defendants are entitled to a new trial.

When a levy has been in fact made by a sheriff, the burden is upon the defendant to show that it is invalid: Fitler v. Patton, 8 W. & S. 455; McGinnis's App., 85 Pa. 111. " The rule is, if goods be left in the possession of defendant, even with plaintiff's permission, the lien is not lost unless there be fraud : " Keyser's App., 13 Pa. 408; McGinnis's App., 85 Pa. 111. It is true that some circumstances may constitute legal fraud where no actual fraud was intended; but there are many cases which hold that the possession of the defendant without more is of no such effect. The rule covering such cases is clearly

stated in Weir v. Hale, 3 W. & S. 285. An execution put into the hands of the sheriff and levied upon personal property with any other than the bona fide intention of selling the property and making the money, is fraudulent as to subsequent judgment creditors. . . . Any arrangement with the defendant, or other conduct of the plaintiff, evincing his intention not to have a sale of the property will have that effect. . . . But the lien of the levy is not lost by a reasonable indulgence of the defendant debtor given him in good faith, to allow him to raise money to save his goods from sacrifice. . . . It would be a harsh doctrine to hold that in a case where no other creditor was unduly postponed or otherwise injured, a creditor could not grant a humane indulgence to his debtor without losing his execution altogether.'' In this case there was no evidence to raise a suspicion that the plaintiff did not intend in good faith to pursue her execution to full satisfaction by sale of the property. The indulgence granted was temporary and at will. The sale of goods from the store was of the same character. It was mainly intended for employees having preferred claims for labor, and was extended to others by the sheriff at his own suggestion as an act of humanity to the few people in an isolated settlement who depended upon such supplies for daily subsistence. The law requires that its process shall be honestly used but not oppressively. Such an act of charity should not deprive a party of his rights under the law, especially where no wrong to another's rights is shown. For these reasons a new trial will be refused.

We have considered this case as if an execution creditor or innocent purchaser for value had raised the question of the validity of the lien. Plaintiff's counsel contends that the defendants have no standing to question its validity. It is not necessary to decide the question. An execution may be good against the defendant when it would not be as against an execution creditor, and perhaps one who takes the property without any valid title and without the payment of money therefor stands in no better position. But in the view we have taken of the law, it was certainly good against the defendants in this case.

Verdict and judgment for plaintiff for $3,802.28. Defendants appealed.

*Error assigned* among others was in refusing binding instructions for defendants.

*James Balph*, with him *C. S. Crawford* and *R. A. Balph*, for appellants.—The mere lien of an execution under which no levy has been made is not good as against a purchaser or creditor of the defendant, and as against such person the sheriff cannot maintain an action of trespass. The lien of the levy is therefore all that is to be considered here : Cluley v. Lockhart, 59 Pa. 376.

An order given by an execution creditor to the sheriff to stay all further proceedings on his execution, at his risk, until further directions, is a waiver of his priority in favor of a second execution received by the sheriff during the continuance of the stay : Eberle v. Mayer, 1 Rawle, 366 ; Hickman v. Caldwell, 4 Rawle, 376 ; Corlies & Co. v. Stanbridge, 5 Rawle, 286 ; Weir v. Hale, 3 Watts & Sergeant, 285 ; Lowry v. Coulter, 9 Pa. 349 ; Freeburger's App., 40 Pa. 244 ; Stern's App., 64 Pa. 447.

It was urged in the court below that there must be some fraudulent intention disclosed on the part of the plaintiff in the writ. To this we answer, delaying the execution of the writ for any purpose, or in any way interfering with its execution, by the plaintiff, is a fraud in law as to other creditors or third parties, because it uses the levy as a mere lien or cover, and not for the purpose of sale : Com. v. Stremback, 3 Rawle, 341 ; Fitler v. Patton, 8 W. & S. 455 ; Weir v. Hale, 3 W. & S. 285.

*A. L. Cole, H. A. Moore, A. V. D. Watterson, A. B. Reid* and *W. C. Miller*, for appellee, were not heard, but in their printed brief said : To continue the lien of an execution it is not necessary that the personal property levied on should be taken into actual possession : McGinnis's App., 85 Pa. 111 ; Fitler v. Patton, 8 W. & S. 455 ; Connell v. O'Neil, 154 Pa. 582 ; Weidensaul v. Reynolds, 49 Pa. 73 ; Gloss v. Black, 91 Pa. 418 ; Landis v. Evans, 113 Pa. 332 ; Broadhead v. Cornman, 171 Pa. 322.

Per Curiam, November 6, 1899 :

The judgment in this case is affirmed on the opinion of the learned court below on the motion for a new trial.